EMMA M. BLATT, petitioner,

*v.*

FREDERICK BLATT, defendant.

[Submitted July 28th, 1924. Decided July 31st, 1924.]

**Divorce—Desertion by Husband—Adverse Report of Special Master Excepted to—Conduct of Husband Led to Ejection From Wife's Abode—No Evidence of Effort of Husband Toward Reconciliation Afterward—Exceptions Sustained.**

On exceptions to master's report.

*Messrs. Howe & Davis,* for the petitioner.

FOSTER, V. C.

This is an uncontested divorce case, and exceptions have been filed to the adverse report of the special master. The charge against the defendant was that he deserted petitioner on June 21st, 1921. It appears that the master found the jurisdictional facts of the marriage of the parties on December 25th, 1882, and of their residence in this state, duly established.

The master bases his adverse report on the grounds that the testimony does not show the desertion to have been either willful or obstinate, but that the proofs do show that the separation between the parties was a voluntary one. I find that the master has correctly recited and reported the testimony of the witnesses, but I am unable to agree with his conclusion.

He states that the parties had quarreled twice before their final separation, about the 20th or 21st of June, 1921; that these quarrels were years apart, and that on these occasions the petitioner had gone to the defendant and prevailed upon him to effect a reconciliation, and that they thereafter lived together until they finally separated as stated.

Petitioner was in the hotel business in East Orange and the defendant was employed by her at a regular salary. He apparently thought that he was a partner in the business. About the date of the separation the parties had some trouble over the manner in which the defendant had treated some of the guests in the hotel. Defendant became very angry, threatened to leave petitioner, and that thereupon she told him that "he could do as he chose about it, that it was up to him to stay or leave, as he wished." Defendant left and, subsequently, started suit against the petitioner in this court for the purpose of establishing his right as a partner in her business, and in this effort he was unsuccessful. This litigation terminated by a decree which was filed on March 9th, 1922. Pending this litigation defendant made no effort to be reconciled to the petitioner or to return and live with her, except on one occasion, when he called at the hotel, forcing

his way into the house, admission to which had apparently been denied him. The petitioner then states that "I asked him to leave quietly and in a peaceful manner, and that if he didn't do so I would be forced to 'phone the police." That the defendant attempted to prevent her from telephoning for the police; that he seized her, threw her across the hall and tore off the telephone receiver, but that she did succeed in sending her communication,. and an officer came to the hotel and arrested the defendant. She preferred the charge of assault and battery against him, but did not press the charge on the advice of her counsel, because the magistrate had placed her husband on parole in the custody of his counsel, conditioned on his removing his effects from the premises and staying away from his wife, and all she wished was to be left alone so that she could properly carry on her business.

The separation between the parties thereafter continued and resulted in the filing of the petition in this cause. The master concluded that because the petitioner had made no effort to induce her husband to return to live with her, that therefore his separation from her was not obstinate and against her will, but was one with which she was entirely satisfied. The master does not state, however, that the defendant made no effort, from the time he left petitioner in June, 1921, to be reconciled to her, or to have her resume her relations as a wife to him. It is true that when he left she told him he could do as he pleased. That statement was made admittedly at a time when she was angry with him because of his discourteous treatement of the patrons of her hotel, which she feared might result in injury to her business. Instead of waiting until his wife had gotten over her anger and had probably felt differently toward him, and then making any effort for a reconciliation, he instituted suit against her and asserted a claim of a partnership with her and of an interest in her business, property and income. This claim, of course, she contested, and did so successfully, and he must have known that his claim was without founda-

tion, in view of the fact that he had been her salaried employe for years; and while this suit was pending, and the only time he returned to their home, he again made such a disturbance and so grossly assaulted her that she was compelled to have him arrested. The view might be taken that he could not thereafter call on her without violating the terms of the parole which the police magistrate had imposed upon him, but such condition would not prevent him from writing her or communicating with her through mutual friends for the purpose of establishing the resumption of the relation as man and wife, and this he never did.

Under all the circumstances, I find no obligation resting upon the petitioner to make overtures to have the defendant return and live with her as her husband. As I have stated, she has done so on two occasions prior to 1921. Thereafter, when he falsely asserted an interest in her business, assaulted her and treated the guests of her house in such a manner that it was likely to cause her serious loss and injury, there was certainly no duty resting upon her to make overtures to have him return, nor can her failure so to do be said to amount to an acquiescence in the separation, or a willingness to have the defendant live apart from her, particularly where defendant made no overtures himself to put an end to the separation.

On the entire case my conclusion is that the petitioner by her proofs has fully and clearly established the charge of desertion contained in the petition, and that the exceptions should be sustained, and that a decree should be granted the petitioner.